## STUBBS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. October 29, 1924.)

### No. 2260.

**1. Criminal law ☞552(3) — Instruction relating to circumstantial evidence held correct.**

Instruction that conviction may be based on circumstantial evidence, if circumstances relied on point so unerringly to accused's guilt as to exclude every other reasonable hypothesis, and that circumstances must be proved to jury's satisfaction beyond reasonable doubt and be consistent with each other, *held* correct.

**2. Criminal law ☞834(2)—Conviction not set aside for refusal to give requested instruction to same effect as one given.**

Conviction will not be set aside for refusal to give instruction in language requested by accused's counsel, to same effect as instruction given by court.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Oscar Stubbs was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

A. L. King, of Florence, S. C., for plaintiff in error.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

PER CURIAM. Defendant was convicted on an indictment containing four counts charging violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The evidence while largely circumstantial justified the verdict of guilty.

[1] The trial judge refused a request for an instruction on the law of circumstantial evidence as presented by defendant's counsel, and charged the jury as follows:

"That they could convict upon circumstantial evidence, provided the evidence measured up to the standard required by law; that the rule as to circumstantial evidence, stated briefly, is that the circumstanc-

es relied on must point so unerringly to the guilt of the accused as to exclude every other reasonable hypothesis; that the circumstances relied on must be proved to the satisfaction of the jury beyond a reasonable doubt; that the circumstances must be consistent with each other, and inconsistent with any other reasonable hypothesis except the guilt of the accused; and that they must point, as stated, so unerringly to the guilt of the accused as to exclude every other reasonable hypothesis, except the hypothesis of guilt."

[2] The charge as given was fair and explicit and a correct statement of the law. The conviction will not be set aside because of the refusal to give an instruction to the same effect in the language requested by counsel. Showalter v. United States, 260 F. 719, 171 C. C. A. 457; Miller v. United States (C. C. A.) 277 F. 721; Parish v. United States, 247 F. 40, 159 C. C. A. 258.

Affirmed.